## ALVIN P. RICHARDSON *vs.* DURA WARREN.

A verdict for the plaintiff in an action of tort for deceit in the sale of a horse by representing that he was kind, orderly and quiet in harness, when in fact he had the vice of kicking in harness, will not be set aside merely because the plaintiff, while testifying to an instance of the horse's kicking violently in harness, after being driven by himself and a friend, a few days after the purchase, was permitted to state that when he was about to drive out that day "his wife and child were ready, having their things on, to go with him."

TORT for deceit in the sale of a horse, by representing that he was kind, orderly and quiet in harness, when in fact he had the vice of kicking in harness.

At the trial in the superior court, before *Vose*, J., " the plaintiff, in his examination in chief, testified, among other things, that three days after he bought the horse, he harnessed him in a buggy, and took in a friend and rode out some two miles, and on returning to his house the horse kicked violently in the harness, and cleared himself from the buggy, after breaking it and the harness. The plaintiff was permitted to state, in connection with this part of his testimony, against the objection of the defendant, that ' when he was about to go to ride that day, his wife and child (about two years old) were ready, having their things on, to go to ride with him.' "

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*G. F. Verry*, for the defendant.

*G. F. Hoar*, (*A. Dadmun* with him,) for the plaintiff.

DEWEY, J. The exceptions fail to show the illegal admission of any evidence that was material in its character, or that could properly have produced any effect upon the minds of the jury, upon the issue before them. If the court had admitted evidence that the plaintiff had invited his wife to ride with him, accompanied by an infant child, on the occasion of his first use of the horse, it might have been urged with some plausibility that he could not have known that the horse was vicious; and the question might thus have been fairly presented, whether he

could thus make evidence for himself. We infer from the evidence that was admitted that the plaintiff proposed to put in more evidence on this point, and of the character above stated, but that it was excluded; and the remaining part, which was admitted, was of no moment. The plaintiff did not in fact take his wife and child, though they were ready and desirous to go; but he selected a third person to accompany him, and thus negatived the idea of a purpose on his part to take his wife and child.                                   *Exceptions overruled.*